# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRAVIS HOLLSTEN,

                    Petitioner,

v.                                                          Case No. 20-CV-1529-JPS

WARDEN SARA COOPER,

                                                            **ORDER**
                    Respondent.

On October 2, 2020, Petitioner Travis Hollsten ("Hollsten") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, along with a motion to proceed without prepayment of the filing fee, ECF No. 2. On October 26, 2020, Hollsten filed an amended petition, ECF No. 7, and subsequently filed a supplement and various letters, ECF Nos. 9, 10, 11, 12, 13.[1] On June 10, 2021, Hollsten updated his address to indicate that he was no longer incarcerated. ECF No. 13. The Court will address Petitioner's motion for leave to proceed without prepayment of the filing fee and screen his amended petition.

## 1.    LEAVE TO PROCEED WITHOUT PREPAYMENT

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file a petition for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the Court may authorize the

---

[1]It is not entirely clear if Hollsten wanted his amended petition to supersede the original petition, as his amended petition is not complete. *See* ECF No. 7. The Court has reviewed all of Hollsten's filings, however, and the Court's exhaustion analysis below would remain the same regardless of which petition is operative. For clarity's sake, the Court will treat the amended petition as the operative petition in this matter.

commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Hollsten submitted a trust fund account statement along with his motion. ECF No. 6.

Upon review of Hollsten's prison trust account statement, the Court finds that he is unable to pay the $5.00 filing fee based on his lack of funds. The Court will accordingly grant the motion to proceed without prepayment of the filing fee.

## 2.    FACTUAL BACKGROUND

Based on publicly available information, in 2018, following his entry of a no contest plea in Brown County Case Number 2017CF001601, Hollsten was convicted of "Stalking" with a "Repeater" modifier. *State of Wisconsin v. Travis N. Hollsten*, Case No. 2017CF001601 (Brown Cnty. Cir. Ct.), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2017CF001601&county No=5&index=0&mode=details (last visited Oct. 28, 2022). The state court sentenced Hollsten to a total term of 30 months of confinement and 36 months of extended supervision. *Id.*

Hollsten's petition and amended petition challenge the length of his incarceration, indicating that the initial confinement portion of his sentence had been satisfied 60 days earlier and that he was therefore being illegally held. *See* ECF Nos. 1, 7. Petitioner indicates, and publicly available records support, that Hollsten never filed a direct appeal nor collateral attack in his underlying state case.

## 3.    ANALYSIS

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of

habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

First, the Court analyzes whether Hollsten fully exhausted his state-court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, the available court records and Hollsten's own admission make plain that he has not fully exhausted his substantive claims. There is no record of any Wisconsin Court of Appeals case in this matter and

Hollsten has not sought review in the Wisconsin Supreme Court. Until the Wisconsin Supreme Court decides his appeal or denies his application for review, the claims remain unexhausted. He may return to federal court, if he chooses, once the claims are fully exhausted. *Slack v. McDaniel*, 529 U.S. 473, 487 (2000). For the time being, however, Hollsten's amended petition must be dismissed.

Because Hollsten is no longer incarcerated, however, the Court will include information about the likelihood that his claims are now moot based on his release from custody, regardless of any future exhaustion. Publicly available records show that Hollsten was released from custody and placed on extended supervision on May 11, 2021. *Offender Detail*, Wis. Dep't Corrections, https://appsdoc.wi.gov/lop/details/detail (last visited Oct. 28, 2022). The Southern District of Illinois has summarized the appropriate standard in situations where a habeas petition is on supervised release:

> After release of a habeas petitioner from prison, the Court must address whether the petition still presents a case or controversy after the petitioner's release. Any petitioner who files his petition for habeas corpus relief while he is incarcerated is in custody within the meaning of the federal habeas corpus statues. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). This remains true even after an inmate is released. *See Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir.2004) ("[i]t has long been established that "custody" does not require physical confinement"); *Phifer v. Clark*, 115 F.3d 496, 500 (7th Cir.1997). Petitioners are therefore in custody when they are no longer confined by prison walls but are nevertheless serving a sentence that "involve[s] significant restraints on [their] liberty," such as a person on supervised release. *Jones v. Cunningham*, 371 U.S. 236, 242 (1963).

*Thompson v. Sherrod*, No. 11-CV-137-DRH, 2011 WL 3890297, at *1 (S.D. Ill. Sept. 2, 2011).

However, even though Hollsten may still be considered to be "in custody" while on supervised release,

> [t]he issue before the Court is therefore not whether the petition is moot because petitioner is no longer incarcerated, but whether there remains a case or controversy this Court can resolve. *See Spencer*, 523 U.S. at 7 (noting "[t]he more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2 of the Constitution."). Article III of the U.S. Constitution requires that judicial resources be reserved for those claims that present a live case or controversy. *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir.2004) (discussing *Spencer*, 523 U.S. at 7 (noting the "case or controversy requirement subsists through all stages of federal judicial proceedings.")). Thus, where a federal court cannot provide a petitioner with effective relief, the case must be dismissed as moot. *Butler*, 360 F.3d at 790; *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) (federal courts do not have the power "to decide questions that cannot affect the rights of litigants in the case before them."); *Spencer*, 523 U.S. at 7; *D. S.A. v. Circuit Court Branch 1*, 942 F.2d 1143, 1146, n. 2 (7th Cir.1990); *Handy v. Schwartz*, 2009 WL 35190, *1 (S.D. Ill. Jan.5, 2009) (noting a case is moot "when the Court can offer no relief because the harm is done and cannot be undone ... [and] the Court no longer has jurisdiction to hear it."). Thus, in the habeas corpus context, a petitioner who is released from custody may continue to seek the writ only if the Court can offer relief because "collateral consequences-lingering disabilities or burdens" exist. *D. S.A.*, 942 F.2d at 1146.
>
> Collateral consequences may include infringements on the rights to vote, serve on a jury, or hold public office. *Handy*, 2009 WL 35190 at *1 (discussing *Carafas v. La Vallee*, 391 U.S. 234 (1958)). Collateral consequences are presumed to exist when a petitioner's habeas petition challenges his underlying

criminal conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004). Courts do not apply this presumption to petitions where a released petitioner does not challenge his underlying criminal conviction but instead challenges the calculation of his sentence, because in that instance, collateral consequences are not likely. *Handy*, 2009 WL 35190 at *1; *Weiss v. Ind. Parole Bd.*, 230 F. App'x 599, 600 (7th Cir. 2007) (noting "no similar presumption extends to sentencing determinations"). In fact, unless there are collateral consequences at issue that can be addressed by a habeas corpus proceeding, a challenge to a released petitioner's sentence is moot. *Morningstar v. Hathaway*, 2008 WL 3461621, *1 (S.D. Ill. 2008) (discussing Spencer, 523 U.S. at 7).

*Id.* at *1–2.

In his petition and amended petition, Hollsten makes no mention that extended supervision can constitute an "ongoing detriment," and he appears to only challenge the length of his incarceration. ECF Nos. 1 at 6, ECF No. 7, and he does not state that he is (or was soon to be) on extended supervision. Further, Hollsten "bears the burden of proving that such collateral consequences exist." *Morningstar*, 2008 WL 3461621, at *1. However, he has not alleged particular collateral consequences. Hollsten should keep this analysis in mind should he choose to pursue exhaustion of his claims in the future.

4.  **CONCLUSION**

The Court is obliged to deny the amended petition and dismiss this action, without prejudice, for Hollsten's failure to exhaust state remedies. Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing

of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Hollsten exhausted state remedies. As a consequence, the Court is compelled to deny a certificate of appealability as to Hollsten's amended petition.

Accordingly,

**IT IS ORDERED** that Petitioner Travis Hollsten's motion to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner Travis Hollsten's amended petition for a writ of habeas corpus, ECF No. 7, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for failure to exhaust state remedies; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2022.

BY THE COURT

J.P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.